**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| SUSSEX INSURANCE COMPANY f/k/a | § | |
| COMPANION PROPERTY & CASUALTY | § | |
| INSURANCE COMPANY, | § | **Case No.:** |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| | § | |
| NATIONAL TRUST INSURANCE | § | |
| COMPANY, a wholly owned subsidiary of | § | |
| FCCI INSURANCE COMPANY, | § | |
| | § | |
|    Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY RELIEF

TO THE HONORABLE COURT:

Plaintiff, Sussex Insurance Company, f/k/a Companion Property & Casualty Insurance Company ("Companion"), brings this Complaint against Defendant National Trust Insurance Company, a wholly owned subsidiary of FCCI Insurance Company ("National Trust"), and in support thereof, would show the Court as follows:

## I.

## INTRODUCTION

1. This is an action by Companion for Declaratory Relief pursuant to 28 U.S.C. § 2201. Companion seeks a determination as to whether it has an obligation with respect to a policy of insurance issued to its insured, Corrugated Erectors, Inc. ("Corrugated"), an architectural metal panel contractor with its principal place of business in Texarkana, Texas,  to 1) defend or indemnify Corrugated with respect to claims (the "Claims") against Corrugated arising from a construction project located at Fort Polk, Louisiana referred to as the "School Age Center," or 2)

whether Defendant National Trust has a duty to defend or indemnify Corrugated with respect to these Claims as an additional insured under a policy National Trust issued to Gravity-Ratterman, LLC ("Gravity-Ratterman"), a subcontractor hired by Corrugated for the erection and installation of the trusses and metal decking at the School Age Center.

## II.

### THE PARTIES

2.      Plaintiff Companion is a South Carolina corporation with its principal place of business in Columbia, South Carolina.  At all times pertinent hereto, Companion provided, and continues to provide, a defense to Corrugated with respect to the Claims pursuant to a reservation of rights.

3.      Upon information and belief, Defendant National Trust is an Indiana insurance corporation with its principal place of business located at 9025 River Road, Suite 300, Indianapolis, Indiana 46240.  National Trust may be served with process by serving its registered agent, Registered Agent Solutions, Inc., at 200 Byrd Way, Suite 205, Greenwood, Indiana 46143.  At all times pertinent hereto, National Trust refused, and continues to refuse, to defend Corrugated with respect to the Claims.

## III.

### JURISDICTION AND VENUE

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (a) because it involves citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 (b) (2) because a substantial part of the events or omissions giving rise to this dispute occurred, or a substantial

part of property that is the subject of the action is situated in the Texarkana Division of the Eastern District of Texas.

## IV.

### THE POLICIES

6.      Companion provides general liability insurance coverage to Corrugated pursuant to its policy number PB 3616054 ("Companion policy").  The Companion policy has an aggregate limit of $2,000,000 and an occurrence limit of $1,000,000.

7.      National Trust provides general liability insurance coverage to Corrugated pursuant to an Additional Insured Endorsement to its Policy No. GL0008503 3 ("National Trust policy") issued to Gravity-Ratterman.  The National Trust policy has an aggregate limit of $2,000,000 and an occurrence limit of $1,000,000.

8.      Under the clear and unambiguous terms of the policies, the Additional Insured Endorsement to the National Trust policy provides primary coverage to Corrugated and the Companion policy provides excess liability coverage to Corrugated.

## V.

### THE CONTRACTS

9.      On or about August 5, 2011, Asset Group, Inc. ("Asset") entered into Contract No. W9127S-11-C-6011 with the United States Army Corps of Engineers, Little Rock District ("USACE") as the general contractor for a construction project located at Fort Polk, Louisiana ("Project") referred to as the "School Age Center."

10.     On June 27, 2012, Asset subcontracted with Corrugated for completion of a portion of the Project related to construction of trusses, decking and a standing steel seam metal roof system.

11.     Consistent with the terms of its contract with Asset, on June 28, 2012, Corrugated entered into a subcontract with Gravity-Ratterman for the erection and installation of the trusses and metal decking ("the Subcontract").

12.     Paragraph 6 of the Subcontract required Gravity-Ratterman to obtain $2 million of liability insurance coverage and to name Corrugated as an additional insured under its policy and provides as follows:

> 6.     INSURANCE. Subcontractor hereby agrees to purchase and maintain insurance for the entire duration of this Subcontract of the following types of coverage and minimum limits of liability:

> (A)    General Liability - Limits:

| | |
|---|---|
| General Aggregate | $ 2,000,000 |
| Products & Comp Operation Aggregate | $ 2,000,000 |
| *          *          * | |
| Each Occurrence | $ 1,000,000 |

> *          *          *

> Corrugated Erectors, Inc. will be named as additional insured as respects to General Liability and Auto Liability.

13.     Paragraph 8 of the Subcontract provides as follows with regard to indemnification:

> INDEMNIFICATION. To the fullest extent permitted by the law, Subcontractor [Gravity-Ratterman] shall indemnify and hold harmless Owner, Architect, Architect's consultants, and Contractor [Corrugated] from all damages, losses, or expenses, including attorneys fees, from any claims or damages for bodily injury, sickness, disease, or death, or from claims for damage to tangible property, other than the Work itself.  This indemnification shall extend to claims resulting from performance of this Subcontract and shall apply only to the extent that the claim or loss is caused in whole or in part by any negligent act or omission of Subcontractor or any of its agents, employees, or Subcontractors.  This indemnity shall be effective regardless of whether the claim or loss is caused in some part by a party to be indemnified.  The obligation of Subcontractor under this Article shall not extend to claims or losses that are primarily by the Architect, or Architect's consultant's performance or failure to perform professional responsibilities.

14.     In accordance with the terms of the Subcontract, on or about September 11, 2012, National Trust issued a Certificate of Liability Insurance to Corrugated confirming that Corrugated is an additional insured under National Trust CGL Policy No. GL0008503 3 and stating as follows:

> Project:         Ft. Polk-School Age Center Project # 11-LA-0038
>
> Corrugated Erectors, Inc. is an additional insured as respects to General Liability and Auto Liability and a waiver of subrogation applies in favor of Corrugated Erectors, Inc. with respect to general liability, auto liability and Workers Compensation.  A 30 day notice of cancellation applies with 10 days for non-payment.

15.     National Trust's Certificate of Insurance references the School Age Center Project at Fort Polk, Louisiana by number and incorporates the precise terms of the subcontract between Corrugated and Gravity-Ratterman with regard to Corrugated's status as an additional insured under the National Trust policy.   *Cf.* Corrugated Erectors, Inc. Subcontract with Gravity-Ratterman, LLC, dated June 28, 2012, at ¶ 6, p. 2.

## VI.

## <u>THE OKLAHOMA LITIGATION</u>

16.     On April 29, 2014, Asset filed a Complaint ("Complaint") against Corrugated and River City Drywall ("River City"), another subcontractor on the Project, in the United States District Court for the Western District of Oklahoma, *Asset Group Inc. v. Corrugated Erectors Inc., et. al*, United States District Court Western District of Oklahoma, Case No. 5:14-cv-00435-F ("The Oklahoma Litigation").

17.     The Complaint sets forth claims against Corrugated for breach of contract, breach of implied warranties and negligence arising out of the erection and installation of the trusses and decking at the School Age Center by Gravity-Ratterman.

18.     The Fourth Amended Complaint in the Oklahoma Litigation includes an allegation that, "the installation of the light gauge trusses by Gravity was defective and non-conforming to the Project drawings and specifications, applicable building codes and to industry standards." *See* Fourth Amended Complaint," ¶ 13.

19.     The Fourth Amended Complaint also includes an allegation that the work performed by Corrugated and/or Gravity-Ratterman on the Project, "damaged the work of other trades." *See* Fourth Amended Complaint, ¶ 21(i).

20.     The Fourth Amended Complaint also includes an allegation that, as a result of "Corrugated's negligence (whether alone, together with or by or through its own subcontractors and engineers, including but not limited to Gravity), ASSET has been damaged in an amount not yet ascertained, but in an amount to be proven at trial estimated in excess of $982,626.94." *See* Fourth Amended Complaint ¶ 44.

21.     The allegations set forth in the Fourth Amended Complaint triggered National Trust's duty as primary insurer to defend Corrugated pursuant to the Additional Insured Endorsement to National Trust CGL Policy No. GL0008503 3.

22.     In accordance with the terms of the Subcontract and its status as an additional insured under National Trust Policy No. GL0008503 3, on May 20, 2014, Corrugated tendered the Claims in Oklahoma Litigation to National Trust for defense and indemnity.  In its May 20, 2014 tender to National Trust, Corrugated informed National Trust that, "[t]he allegations made by ASSET in the Complaint primarily implicate the work of Gravity-Ratterman and in particular, its truss installation."

23.     Notwithstanding the allegations in the Fourth Amended Complaint and its obligations as Corrugated's primary insurer under the National Trust policy, by letters dated May 27, 2014 and

July 17, 2014, National Trust refused to accept Corrugated's tender and refused to provide Corrugated with a defense or indemnity in the Oklahoma litigation.

24.     When National Trust refused Corrugated's tender, Companion provided Corrugated with a defense in the Oklahoma Litigation based upon the allegations in the Fourth Amended Complaint, including the allegation that the work performed by Corrugated and/or Gravity-Ratterman at the School Age Center damaged the work of other trades.

25.     Companion has incurred, and will continue to incur, substantial attorneys' fees and costs in providing a defense to Corrugated in the Oklahoma Litigation.

26.     Despite repeated requests, National Trust continues to fail and refuse to provide a defense to Corrugated in the Oklahoma Litigation.

**VII.**

**DECLARATORY RELIEF SOUGHT**

27.     Companion seeks a declaration as to whether it has an obligation to defend or indemnify Corrugated with respect to claims ("Claims") against Corrugated in the Oklahoma Litigation or whether National Trust has a duty to defend or indemnify Corrugated with respect to these Claims.

28.     Companion also seeks a declaration as to whether National Trust's refusal to defend or indemnify Corrugated with respect to the Claims in the Oklahoma Litigation is improper, and in violation of its obligations under National Trust CGL Policy No. GL0008503 3, based upon the following:

   1)     FCCI's refusal to defend Corrugated ignores the fact that Corrugated is an additional insured under National Trust CGL Policy No. GL0008503   3 with regard to the Ft. Polk-School Age Center Project.

   2)     FCCI's refusal to defend Corrugated ignores the allegations of The Fourth Amended Complaint in the Oklahoma Litigation including the allegation that, "the installation of the light gauge trusses by Gravity was defective

and non-conforming to the Project drawings and specifications, applicable building codes and to industry standards" and the allegation that the work performed by Corrugated and/or Gravity-Ratterman on the Project, "damaged the work of other trades."

3) FCCI's refusal to defend Corrugated ignores the May 20, 2014 tender of this matter to National Trust based upon, *inter alia*, the fact that, "[t]he allegations made by ASSET in the Complaint primarily implicate the work of Gravity-Ratterman and in particular, its truss installation."

4) FCCI's assertion that the indemnity provisions of the subcontract between Corrugated and Gravity-Ratterman are "void and wholly unenforceable," under Louisiana's anti-indemnity statute misstates Louisiana law and ignores the 2012 amendments to the Louisiana Anti-Indemnity Statute, La. Rev. Stat. §2780.1.

5) FCCI's assertion that the indemnity provisions of the subcontract between Corrugated and Gravity-Ratterman limit the scope of Corrugated's coverage as an additional insured to, "vicarious liability, despite the endorsement language as Louisiana law does not allow a party to seek broader coverage as an AI than it allows as an indemnitee" misstates Louisiana law.

6) Under the clear and unambiguous terms of the policies at issue, the coverage provided to Corrugated pursuant to the Companion policy is excess over the primary coverage provided to Corrugated pursuant to the additional insured endorsement to the FCCI policy.

29. Companion also seeks a declaration as to whether National Trust should immediately assume Corrugated's defense in the Oklahoma Litigation, reimburse Companion for all defense fees and costs incurred as a result of National Trust's unwarranted refusal to honor its duties as primary insurer and promptly settle the Claims in the Oklahoma Litigation within National Trust's policy limits.

30. Upon information and belief, National Trust disputes some or all of the above Declarations, requiring adjudication of the parties' respective rights and obligations pursuant to , the Additional Insured Endorsement to National Trust CGL Policy No. GL0008503 3.

31. WHEREFORE, Companion prays that National Trust be cited to appear and answer, and upon a final trial, for a judgment as follows:

1.      A declaration as to whether it has an obligation to defend or indemnify Corrugated with respect to claims ("Claims") against Corrugated in the Oklahoma Litigation or whether National Trust has a duty to defend or indemnify Corrugated with respect to these Claims.

2.      A declaration as to whether National Trust's refusal to defend or indemnify Corrugated with respect to the Claims in the Oklahoma Litigation is improper and in violation of its obligations under the Additional Insured Endorsement to National Trust CGL Policy No. GL0008503 3.

3.      A declaration as to whether National Trust should immediately assume Corrugated's defense in the Oklahoma Litigation, reimburse Companion for all defense fees and costs incurred as a result of National Trust's unwarranted refusal to honor its duties as primary insurer and promptly settle the Claims in the Oklahoma Litigation within National Trust's policy limits.

4.      Recovery of the attorneys' fees and costs incurred by Companion in providing a defense to Corrugated in the Oklahoma Litigation, with interest.

5.      Recovery of Companion's reasonable attorneys' fees;

6.      Costs of suit incurred herein; and

7.      Such other and further relief as this Court may deem just and proper.

Dated: January 5. 2018

Respectfully submitted,

By: */s/ Kenneth C. Goolsby*
    Kenneth C. Goolsby
    State Bar No. 24003668

**BOON CALK ECHOLS**
**COLEMAN & GOOLSBY, PLLC**
1800 N.W. Loop 281, Suite 303
Longview, TX 75604
Telephone:  (903) 759-2200
Facsimile:  (903) 759-3306
Email: casey.goolsby@boonlaw.com

**ATTORNEYS FOR PLAINTIFF**
**SUSSEX INSURANCE COMPANY,**
**F/K/A COMPANION PROPERTY &**
**CASUALTY INSURANCE COMPANY**