IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| CLARENDON NATIONAL INSURANCE COMPANY, AS SUCCESSOR IN INTEREST BY WAY OF MERGER WITH SUSSEX INSURANCE COMPANY, F/K/A COMPANION PROPERTY & CASUALTY INSURANCE COMPANY ("COMPANION"); <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL TRUST INSURANCE COMPANY, <br><br> Defendant. | CIVIL ACTION NO. 5:18-CV-00004-RWS |

# ORDER

This Court previously entered an order (Docket No. 39) granting Defendant National Trust Insurance Company's ("National Trust") Motion to Dismiss, Transfer or Stay (Docket No. 5) and transferring this case to the Western District of Oklahoma. Plaintiff Clarendon National Insurance Company, As Successor in Interest by Way of Merger with Sussex Insurance Company, F/K/A Companion Property & Casualty Insurance Company ("Companion") has now filed a Motion to Stay (Docket No. 40), requesting that this Court stay the transfer until the Oklahoma district court has ruled on the issue of whether Corrugated Erectors is an "additional insured" under National Trust's policy.

Plaintiff's motion largely reiterates the same arguments it presented in its previous briefing on Defendant's motion and which it presented at the hearing on May 31, 2018. *See* Docket No. 40. The Court, therefore, construes Plaintiff's motion as a motion to reconsider. Because Plaintiff

filed the instant motion within 28 days from the Court's order transferring this case, the Court evaluates Plaintiff's motion under Federal Rule of Civil Procedure 59(e).

A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In Re Transtexas Gas. Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479 (citing *Clancy v. Employers Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000)). In the Fifth Circuit, Rule 59(e) standards "favor the denial of motions to alter or amend a judgment." *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993) (citations omitted).

Under Rule 59(e), amending a judgment is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact. *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (citing *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir.2003)). A motion under Rule 59 cannot be used to raise arguments or claims "that could, and should, have been made before the judgment issued." *Id*. (citing *Marseilles Homeowners Condo. Ass'n v. Fidelity Nat. Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008)).

Plaintiff does not argue an intervening change in the controlling law, newly discovered evidence that was previously unavailable, or that this Court committed a manifest error of law or fact in ordering that this case be transferred. Docket No. 40. Instead, Plaintiff contends that under the Fifth Circuit law, there are "compelling circumstances" precluding the transfer of this matter to the Western District of Oklahoma—specifically that the Oklahoma district court does not possess subject matter jurisdiction over Corrugated Erectors' claims and that National Trust's

efforts to force Corrugated Erectors to litigate National Trust's breach of duty to defend claim is impermissible anticipatory retaliation. *Id*. at 2.

Plaintiff essentially requests that this Court decide the appropriate subject matter jurisdiction for Corrugated Erector's breach of contract claim. However, this Court already rejected Plaintiff's request, finding that the issues for which Plaintiff seeks relief are substantially similar, if not identical, to the issues in the underlying Oklahoma suit. *See* Docket No. 39. Currently pending in the Oklahoma district court is National Trust's motion for summary judgment that Corrugated Erectors is not entitled to coverage by National Trust as an "additional insured" under the policy it issued to the third-party defendant. Case No. 5:15-cv-435-SLP, Docket No. 233. The Court also considered the Oklahoma court's striking Companion's attempt to withdraw parts of paragraph 15 of Corrugated Erectors' amended third party complaint, which specifically related to the issue of whether National Trust violated a contract of insurance with Corrugated Erectors based on Corrugated Erector's status as an "additional insured." *See* Docket No. 39 at 2–3. The Court also took into account that Corrugated Erectors pending Amended Motion for Leave to File Second Amended Third Party Complaint Out of Time (*Id*., Docket No. 287) to remove the above-mentioned portions of the complaint.

The issue of whether the Oklahoma district court possesses subject matter jurisdiction to hear Corrugated Erectors's claims is matter squarely and presently before the Oklahoma district court. As the Court stated in its order to transfer, because the Oklahoma lawsuit was filed first, this Court is bound by Fifth Circuit law to transfer this case to the Western District of Oklahoma to allow that court to determine whether Plaintiff's claims brought in *this* case should be dismissed, stayed, or consolidated with the Oklahoma lawsuit.

As Plaintiff merely reiterates and expounds upon arguments already considered by this Court, and as Plaintiff does not point to any manifest errors of law or fact, the Court **DENIES** Plaintiff's Motion to Stay (Docket No. 40), which the Court construes as a motion to reconsider.

Accordingly, the Court **ORDERS** that this case be immediately **TRANSFERRED** to the Western District of Oklahoma.

**So ORDERED and SIGNED this 29th day of November, 2018.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE